STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey L. MOSLEY, Defendant-Appellant.†

Court of Appeals

*No. 95–1340–CR. Submitted on briefs January 11, 1996.—Decided March 13, 1996.*

(Also reported in 547 N.W.2d 806.)

†Petition to review granted.

36

40

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James R. Lucius* of Oak Creek.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   Jeffrey L. Mosley appeals from a judgment of conviction and an order denying his motion for postconviction relief. On appeal, Mosley raises the following issues: (1) that the trial court abused its discretion by considering the statements of a police detective when sentencing him; (2) that the trial court abused its discretion when it allowed him to be represented by out-of-state counsel who had available local co-counsel; (3) that he was denied the effective assistance of counsel; and (4) that his due process rights were violated when he was excluded from the preliminary hearing.

We conclude that the trial court properly exercised its broad sentencing discretion when it considered the statements of a police detective before imposing sentence. Second, we find the court used its discretion appropriately when it allowed Mosley to be represented by out-of-state counsel. Mosley's claim of ineffective assistance of counsel has been waived due to his attorney's failure to secure the presence of the

attorney against whom the claim was made at the post-conviction hearing. Finally, Mosley's claim of error arising from his exclusion from the preliminary hearing is cured by a fair and errorless trial. Accordingly, we affirm.

A criminal complaint was filed charging Mosley with six drug-related offenses.[1] A substantial portion of the evidence used to charge him with these offenses was obtained through the use of a confidential informant working in conjunction with a police detective from the Kenosha County Controlled Substances Unit.

At the preliminary hearing, Mosley made it clear that he did not want to be represented by the local state public defender. He said that he would be represented by privately retained counsel from out of state. The court decided that since the privately retained counsel was not present for this hearing, the proceedings would continue with the counsel currently assigned to the case. Mosley then made an outburst and was removed from the courtroom.

An associate from the Illinois firm Mosley chose to represent him appeared at the arraignment. He explained to the court that he was licensed to practice in the state of Illinois but was not a member of the Wisconsin State Bar. He said that he would have a member of the Wisconsin State Bar at the next court date and "would probably have somebody [from the Wisconsin State Bar] all through the proceedings." The court subsequently agreed to let Mosley be represented

---

[1] Mosley was charged with five counts of party to the crime of delivery of cocaine base in violation of §§ 161.41(1)(cm)1, 161.14(7)(a), 1991-92, and 939.05, STATS. He was also charged with delivery of cocaine base in violation of §§ 161.41(1)(cm)1, STATS., and 161.14(7)(a), STATS., 1991-92.

by out-of-state counsel with the requirement that local counsel be available.

A jury found Mosley guilty on all six criminal counts. At the sentencing hearing, the judge considered a number of factors before imposing sentence. Among these factors were statements made by Detective Thomas Genthner, the police detective who orchestrated the controlled drug buys which formed the basis of Mosley's convictions. Following sentencing, Mosley filed a motion for postconviction relief. That motion was denied and Mosley appeals.

We first address the issue of whether the trial court misused its sentencing discretion when it considered the statements of Genthner before imposing sentence.

This court acknowledges that there is a strong public policy against interfering with the sentencing discretion of a court. *State v. Perez,* 170 Wis. 2d 130, 142, 487 N.W.2d 630, 634 (Ct. App.), *cert. denied,* 506 U.S. 957 (1992). In addition, there is an equally strong presumption that the sentencing court acted reasonably. *Id.* The defendant bears the burden of showing that there was some unreasonable or unjustifiable basis for the sentence imposed. *Id.* If the record shows a process of reasoning based upon legally relevant factors, the sentence will be upheld. *Anderson v. State,* 76 Wis. 2d 361, 364, 251 N.W.2d 768, 770 (1977).

There must be evidence in the record that the trial court exercised its discretion in imposing sentence. *Id.* at 363-64, 251 N.W.2d at 770. The sentencing court is required to state its reasons for imposing the sentence chosen. *Id.* A sentencing decision should be based primarily on the following factors: the gravity of the

offense, the character of the offender and the need for protection of the public. *Elias v. State,* 93 Wis. 2d 278, 284, 286 N.W.2d 559, 561 (1980). Although all relevant factors must be considered, the sentence may be based on any one or more of the three primary factors. *See Anderson,* 76 Wis. 2d at 364, 251 N.W.2d at 770.

To protect the integrity of the sentencing process, the court must base its decision on reliable information. *Perez,* 170 Wis. 2d at 140, 487 N.W.2d at 633. Several safeguards have been developed which effectively protect the due process right of a defendant to be sentenced on the basis of true and correct information. *Id.* at 141, 487 N.W.2d at 634. The defendant and defense counsel are allowed access to the presentence investigation report and are given the opportunity to refute what they allege to be inaccurate information. *Id.* Second, both the defendant and defense counsel are present at the sentencing hearing and have a chance to make a statement relevant to sentencing. *See* § 972.14(2), STATS. Finally, the defendant may file his or her own presentence memorandum with the court presenting what the defendant believes to be true and correct information the court should rely upon in sentencing. *Perez,* 170 Wis. 2d at 141-42, 487 N.W.2d at 634.

Mosley argues that the trial court abused its sentencing discretion when it considered statements made by Genthner in the presentence report. In the report, Genthner stated that Mosley "was a significant distributor of cocaine base, selling approximately five to ten ounces per week." Genthner went on to add that Mosley "had access to large amounts of money and drugs and [I] had reason to believe his connections were located in the Chicago area." It is Mosley's position that

the information contained in Genthner's statement is "unproven, unsubstantiated and inherently unreliable hearsay."

■

The supreme court has expressly held that uncharged and unproven offenses may be considered by a sentencing court because they indicate whether the crime was an isolated act or a pattern of conduct. *Elias*, 93 Wis. 2d at 284, 286 N.W.2d at 562. Furthermore, because the rules of evidence do not apply at sentencing, the court may consider hearsay. *State v. Scherreiks*, 153 Wis. 2d 510, 521-22, 451 N.W.2d 759, 764 (Ct. App. 1989). *See also* § 911.01(4)(c), STATS.

■

A defendant has the right to be sentenced on the basis of true and correct information. *Bruneau v. State,* 77 Wis. 2d 166, 174-75, 252 N.W.2d 347, 351 (1977). At the sentencing hearing, the judge listed a number of factors he considered before imposing sentence. Among these were Mosley's age, prior record, possible drug or alcohol use, employment record, personality, character and social traits and the severity of the crime.

■

A defendant who requests resentencing must show that specific information was inaccurate and that the court actually relied on the inaccurate information in the sentencing. *State v. Johnson*, 158 Wis. 2d 458, 468, 463 N.W.2d 352, 357 (Ct. App. 1990). At the sentencing hearing, Mosley raised questions about the reliability of Genthner's information. He questioned the credibility of the police informant who may have given this information. On the record, Mosley explicitly stated that he was not saying the statements were untrue; he was merely challenging the strength of the evidence to support them.

45

Because Mosley did not contest the accuracy of Genthner's statements, the court did not misuse its discretion by considering them. Where the facts stated in a presentence report are not challenged or disputed by the defendant at the time of sentencing, the sentencing judge may appropriately consider them. *See id.* at 470, 463 N.W.2d at 358.

The second issue Mosley raises concerns his representation by out-of-state counsel. Mosley argues that his out-of-state counsel, Attorney Howard Towles, was required to procure the services of local co-counsel and secure co-counsel's attendance at every significant stage of the proceedings, from initial appearance to sentencing. In addition, Mosley contends that the trial court had an obligation to ensure that such procedures were in fact followed. Mosley also believes that the court misused its discretion by not withdrawing Towles' permission to appear before it because of Towles' lack of familiarity with Wisconsin rules and procedures.

Wisconsin Supreme Court Rule 10.03(4) (Callaghan 1996) states in relevant part:

> A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client in a Wisconsin court or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court.

Towles told the trial court that he would have the assistance of local co-counsel. The court gave Towles permission to appear before it so long as he had such assistance. At the bond motion, the court inquired whether local co-counsel would be assisting Towles on the case. Towles responded that he would have assistance and asked whether the court would require the presence of local co-counsel throughout the stages of the trial. The court responded that it would like local co-counsel present at least for the first few hours of the trial and then to be "available."

Mosley's local co-counsel appeared before the court at a subsequent pretrial hearing[2] and asked the court whether it would be necessary for him to sit through the entire trial because he had other cases pending. The court stated that co-counsel or a colleague should be available at the office and able to come right over if assistance were needed. Local co-counsel agreed to this arrangement.[3]

Mosley concedes that the trial court made every effort to accommodate his request to be represented by out-of-state counsel. The record also reflects the court's efforts to ensure that Mosley would have the assistance of local co-counsel. The court repeatedly asked Towles about local co-counsel assistance and reiterated that co-counsel be available if called upon.

---

[2] At that hearing, Towles was to appear telephonically. He was not in his office.

[3] Although both Mosley's and the State's briefs allude to the presence of local co-counsel before the court on the first day of Mosley's trial, there is no evidence in the record to substantiate this. Rather, it appears that the court took steps to ensure that local co-counsel was listed on the record and merely asked prospective jurors if they knew the local counsel who might be appearing to assist Towles.

We conclude that the trial court did not misuse its discretion by granting Mosley's request to be represented by out-of-state counsel. Local co-counsel was available to assist Towles if called upon, and there is no requirement in SCR 10.03(4), nor any obligation on the court, to ensure that local co-counsel is in attendance at every significant stage of the trial as Mosley suggests.

We interpret SCR 10.03(4) to require that local co-counsel must be of record and acknowledge that he or she is of record by making, at a minimum, one in-court appearance. The court went beyond these requirements in this case when it required local co-counsel to be available. Based on our construction of SCR 10.03(4), this is more than the rule requires.

Mosley also contends that the court misused its discretion by not removing Towles from the case. Mosley argues that Towles' demonstrated unfamiliarity with Wisconsin rules and procedures and failure to procure the assistance of local co-counsel at significant stages of the trial constituted grounds for judicial withdrawal of the court's permission to appear.

While Towles may not have been familiar with all of the specific components of Wisconsin procedure, the court attempted to confirm at numerous stages of the proceeding that local co-counsel was available to assist him. As Mosley himself concedes:

> It is clear from the record that the trial court made every effort to accommodate Mr. Towles's representation of Mr. Mosley. The defendant-appellant is well aware of the tightrope that the court was required to walk in acceding to Mr. Mosley's desire to be represented by counsel of his choice and in dealing with the fact that that attorney was not licensed to practice in the State of Wisconsin. It's

also clear that the court was required to engage in another difficult balancing act regarding the availability of the individual that Mr. Towles had named as co-counsel.

Mosley goes on to recite a litany of complaints directed at Towles' shortcomings, concluding with "the efforts of the defendant-appellant's counsel-of-record [Towles] were hampered by [Towles'] complete lack of familiarity with Wisconsin Court procedures and [Towles'] unexplained failures to appear at hearings which he had previously scheduled."

Although Mosley's attorney's efforts may have been "hampered," there is no suggestion that Mosley's requested representation was constitutionally inadequate, *see State v. Williquette,* 180 Wis. 2d 589, 605, 510 N.W.2d 708, 713 (Ct. App. 1993), *aff'd,* 190 Wis. 2d 677, 526 N.W.2d 144 (1995), nor manifested such incompetence that the court was required to step in. Adequate counsel need not be the best counsel available nor present the best defense possible. *Id.* "Counsel need not be perfect, indeed not even very good, to be constitutionally adequate." *Id.* (citation omitted).

Towles' disregard of scheduled conferences and unfamiliarity with Wisconsin procedures required the trial court to be very accommodating of Mosley's desire to be represented by him. The court made numerous suggestions to Towles that he consult with local co-counsel when he evidenced an unfamiliarity with Wisconsin procedures. The trial court made every effort to protect the interests of Mosley, while acceding to his desire to retain Towles' services. We conclude that the trial court properly exercised its discretion in allowing Towles to represent Mosley.

Next, Mosley argues that he was denied the effective assistance of counsel. Under *State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905, 908 (Ct. App. 1979), "where a counsel's conduct at trial is questioned, it is the duty and responsibility of subsequent counsel to go beyond mere notification and to require counsel's presence at the hearing in which his conduct is challenged." It is a prerequisite to a claim of ineffective assistance of counsel that the testimony of the trial counsel be preserved so that the appeals court can review the reasoning behind the attorney's decisions. *Id.* Because Mosley's subsequent attorney failed to procure Towles' presence at the postconviction hearing, Mosley's right to review of this issue has been waived.

Finally, Mosley argues that he was denied his constitutional right to due process because he was excluded from the preliminary hearing. However, a conviction resulting from a fair and errorless trial cures any error at the preliminary hearing. *State v. Webb,* 160 Wis. 2d 622, 628, 467 N.W.2d 108, 110, *cert. denied,* 502 U.S. 889 (1991).

*By the Court.*—Judgment and order affirmed.