Pamela R. OBEY and Tara Cribb, a minor by her Guardian ad Litem, Janet S. Angus, Plaintiffs-Appellants,†

James T. BALL, Appellant,

v.

Thomas J. HALLOIN, M.D., Thomas J. Gallagher, M.D., Medical Center Ob-Gyn Associates, Wisconsin Patients Compensation Fund and Wisconsin Physician Services, Defendants-Respondents,

UNKNOWN INSURANCE COMPANY "ABC", Unknown Insurance Company "DEF" and Unknown Insurance Company "HIJ", Defendants.

Court of Appeals

*No. 99–1103. Submitted on briefs February 9, 2000.—Decided April 18, 2000.*

## 2000 WI App 99

(Also reported in 612 N.W.2d 361.)

†Petition to review granted.

119

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Thomas C. Koessli* of Chicago, Illinois.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Wick* and *Nash, Spindler, Grimstad & McCracken* of Manitowoc.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Pamela Obey, Tara Cribb and attorney James Ball (Ball) appeal the circuit court's order revoking Ball's *pro hac vice* admission in the captioned case. Ball contends that the circuit court erred by rescinding his admission on the basis of Ball's conduct in another Brown County circuit court case. Ball claims that the circuit court may not revoke a *pro hac vice* admission on the basis of conduct that did not occur before the revoking court absent an egregious violation of the rules of professional responsibility or disciplinary action by the Board of Attorney Professional Responsibility. Ball further asserts that even if the decision to revoke his *pro hac vice* admission is discretionary, the circuit court erred in the exercise of its discretion.

¶ 2. We reject Ball's arguments. Supreme Court Rule 10.03(4) (1998)[1] sets forth the law applicable to withdrawal of a nonresident attorney's *pro hac vice* admission. It permits a circuit court, in its discretion, to revoke admission for conduct in any Wisconsin court that manifests incompetency or an unwillingness to abide by the rules of professional conduct or the decorum of the court. In the companion case of *Filppula-McArthur v. Halloin*, No. 99–0895, slip op. at ¶¶ 13–14 (Wis. Ct. App. Mar. 7, 2000), we determined that there were facts adequate for another Brown County circuit

---

[1] All references to the supreme court rules are to the 1998 version unless otherwise noted.

court to reasonably conclude that Ball's conduct manifested an unwillingness to abide by the rules of professional conduct and the rules of the court. Here, the circuit court applied the facts of record to appropriate factors and reached a conclusion a reasonable judge could arrive at. We therefore affirm its order withdrawing Ball's *pro hac vice* admission.

## BACKGROUND

¶ 3. Obey and Cribb retained Wisconsin counsel and brought suit against Thomas Halloin and others for medical malpractice. They subsequently retained Ball to represent them in addition to Wisconsin counsel. Ball is licensed to practice in Illinois and Ohio, but not Wisconsin. Ball requested *pro hac vice* admission on September 25, 1998, which the court granted.

¶ 4. Ball had been previously admitted *pro hac vice* by circuit court Judge J. D. McKay in another malpractice action in Brown County. In that case, Noah Filppula-McArthur and Lori McArthur sued Halloin and other defendants for medical malpractice. The McArthur action proceeded to trial. After several days of trial, Judge McKay granted a mistrial when Ball pursued a line of questioning that the court had repeatedly foreclosed. Judge McKay subsequently revoked Ball's *pro hac vice* status on January 25, 1999, citing several reasons for his decision, including: (1) Ball's unwillingness to abide by the rules of the court; (2) Ball's "insistence on revisiting ad naseum virtually every decision" that the court made; (3) Ball's "apparent unfamiliarity or disregard for the procedural rules of [Wisconsin]"; and (4) Ball's failure to heed the court's admonitions regarding his conduct.

¶ 5. On February 18, 1999, while taking depositions in this case, the defense attorneys stated that in

light of Judge McKay's order, the deposition was proceeding subject to their reservation of the right to move to have Ball's *pro hac vice* admission reviewed by the court. Ball moved the court to reconfirm his *pro hac vice* admission. At a hearing on Ball's motion, Halloin moved to revoke Ball's *pro hac vice* admission. On April 13, 1999, the court entered an order withdrawing Ball's *pro hac vice* admission based upon both Judge McKay's order and the court's concerns with its ability to control its courtroom and calendar. Obey, Cribb, and Ball appeal that order.

## ANALYSIS

### 1. The Governing Law

¶ 6. The parties dispute both the law that governs this case and the relevant standard of review. The determination of the applicable legal standard and the interpretation of that standard are subject to de novo review. *See Levy v. Levy*, 130 Wis. 2d 523, 529, 388 N.W.2d 170 (1986). The appropriate standard by which we will review the trial court's decision is dependent upon our determination of the law applicable to the circuit court's decision to withdraw a nonresident attorney's *pro hac vice* admission.[2]

¶ 7. Ball contends that his *pro hac vice* admission may not be revoked for conduct occurring outside the revoking court's presence unless the Board of Attorney

---

[2] For example, if the circuit court's decision is discretionary, we review for an erroneous exercise of that discretion. *See Loy v. Bunderson*, 107 Wis. 2d 400, 415, 320 N.W.2d 175 (1982). Alternatively, if the decision is a legal determination, our review is de novo. *See Levy v. Levy*, 130 Wis. 2d 523, 529, 388 N.W.2d 170 (1986).

Professional Responsibility has suspended him. He bases this contention on his claim that once admitted *pro hac vice*, a nonresident attorney stands on equal footing with a Wisconsin lawyer. This equality derives, he asserts, from a client's right to an attorney of her own choosing and SCR 20:8.5(a), which subjects a nonresident attorney to the disciplinary authority of this state. Halloin contends that SCR 10.03(4) controls. We agree with Halloin.

¶ 8. In *Filppula-McArthur*, we determined that SCR 10.03(4) governs a court's withdrawal of a *pro hac vice* admission. *See id.* at ¶ 9. Wisconsin Supreme Court Rule 10.03(4) provides in pertinent part:

> A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client *in a Wisconsin court* or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court. (Emphasis added.)

█

¶ 9. Although *Filppula-McArthur* dealt with the question of withdrawal of a nonresident attorney's *pro hac vice* admission for conduct before the court revoking admission, SCR 10.03(4) by its terms also applies to conduct that has not occurred before the court withdrawing admission. The clear language of the rule gives the circuit court the power to withdraw a nonresident attorney's admission for proscribed conduct in any Wisconsin court. That power is discretionary. *See Filp-*

*pula-McArthur*, slip op. at ¶¶ 8–9; *State v. Mosley*, 201 Wis. 2d 36, 46–48, 547 N.W.2d 806 (Ct. App. 1996). The rule does not require that the conduct must occur in the very litigation in which the withdrawal occurs.

¶ 10. The foundations of Ball's proposition that he is entitled to the same treatment as a lawyer licensed in this state once admitted *pro hac vice* are fundamentally flawed. The right to practice law in this state is limited to persons actually licensed to practice law in this state. *See* SCR 10.01(1) ("There shall be an association to be known as the 'state bar of Wisconsin' composed of persons licensed to practice law in this state, and membership in the association shall be a condition precedent to the right to practice law in Wisconsin."). Nonresident attorneys do not have a right to *pro hac vice* admission to Wisconsin courts. Attorneys admitted *pro hac vice* are permitted to represent clients in this state only as a matter of comity and at the court's discretion. *See Contempt in State v. Lehman*, 137 Wis. 2d 65, 81, 403 N.W.2d 438 (1987).

¶ 11. Ball contends that once admitted, there are policy reasons for treating him as a Wisconsin licensed attorney. To do otherwise, he argues, effectively revokes his license for conduct that would not result in a Wisconsin attorney's license being suspended or revoked. Moreover, the failure to treat *pro hac vice* counsel as the equivalent of a Wisconsin attorney will adversely affect both the attorney's obligation to zealously advocate a client's position and the client's right to be represented by counsel of his or her choice. Finally, Ball asserts that:

> The attorney-client relationship is a significant one that is recognized to involve trust that grows over time. . . . Granting the trial court the ability to

remove a *pro hac vice* admission upon conduct engaged in another case before another judge, and which would not warrant the removal of a Wisconsin attorney, would place the attorney-client relationship with an out-of-state attorney in an inferior position.

That Ball is subject to the disciplinary authority of this state once admitted *pro hac vice* does not somehow clothe him in the garments of an attorney licensed in this state. Supreme Court Rule 20:8.5(a) provides that "[a] lawyer allowed by a court of this state to appear and participate in a proceeding in that court is subject to the disciplinary authority of this state for conduct that occurs in connection with that proceeding." Supreme Court Rule 20:8.5 does not displace SCR 10.03(4) once an attorney is admitted *pro hac vice*. Disciplinary proceedings and withdrawal of *pro hac vice* admission are distinct, but not exclusive, methods of addressing attorney conduct. The appropriateness of withdrawing admission is not dependent upon disciplinary action. Supreme Court Rule 10.03(4) provides that a court may withdraw *pro hac vice* admission for conduct that may fall short of that necessary for disciplinary action.

¶ 12. Nor do we find support for Ball's proposition that, consistent with Obey's and Cribb's right to be represented by their choice of attorney, he is to be treated the same as a licensed Wisconsin attorney. WISCONSIN CONST. art. I, § 21, cl. 2 provides: "In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice." We do not construe this provision as giving an unlimited right to choose counsel. The right is tempered by the requirement that counsel be licensed in Wisconsin. Because Ball is not licensed in

this state, there is no absolute constitutional right to enlist his services. Whether he may practice law in this state is a matter of comity and has been conditioned by SCR 10.03(4).

¶ 13. Even if we were to construe the constitutional right to counsel to extend to the choice of an attorney not licensed in Wisconsin, that right must be balanced against the court's power and right to control its calendar and the practice of law before it. *See City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749, 595 N.W.2d 635 (1999). The balance between the litigant's right to choose counsel and the court's power to control its calendar and the practice of law before it is another factor the court may consider in making its discretionary determination whether to grant or withdraw a *pro hac vice* admission.

¶ 14. The language concerning withdrawal of a *pro hac vice* admission was not originally part of the predecessor to SCR 10.03(4), but was added later by the supreme court. *Compare* STATE BAR RULE 2 § 4, 273 Wis. xii (eff. Jan. 1, 1957), *with* STATE BAR RULE 2 § 4, 53 Wis. 2d xi (eff. Mar. 15, 1972). Ball's concerns notwithstanding, our supreme court made the dispositive public policy pronouncement when it set forth in SCR 10.03(4) the bases upon which a circuit court may withdraw a *pro hac vice* admission.

2. Standard of Review

¶ 15. Ball contends that we should conduct a de novo review and independently determine whether his conduct rises to a level that would result in disbarment.[3] We are unpersuaded.

---

[3] We had difficulty discerning precisely what Ball's contentions were with respect to the standard of review. His suggested

¶ 16. We decided in *Filppula-McArthur* that our standard of review of a circuit court's revocation of a nonresident attorney's *pro hac vice* admission is whether the trial court erroneously exercised its discretion. *See id.* at ¶¶ 8–9. That decision rested in turn upon our determination that SCR 10.03(4) permits a court, in the exercise of its discretion, to withdraw a *pro hac vice* admission. Nevertheless, Ball would have us adopt a standard of review based upon the law of other jurisdictions that apply a different legal standard than that set forth in SCR 10.03(4).[4] As we have already

___

standard of review does not conform to the law he requested we apply: Withdrawal of admission is impermissible absent disciplinary action by the Board of Attorney Professional Responsibility. To the extent that Ball is arguing that we must make a de novo determination that his conduct before Judge McKay manifested an unwillingness to abide by the rules of professional conduct for attorneys, we disagree. We indicated in *Filppula-McArthur* that our review was whether there were adequate facts for the court to reasonably conclude that Ball's conduct manifested an unwillingness to abide by the rules of professional conduct; our review was of the court's discretion. *See Filppula-McArthur v. Halloin*, No. 99–0895, slip op. at ¶ 13 (Wis. Ct. App. Mar. 7, 2000).

[4] Ball would have us adopt the Eleventh Circuit Court of Appeals' rule set forth in *Schlumberger Technologies v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). The eleventh circuit indicated that if conduct does not occur in the case before the court, denial of *pro hac vice* admission is appropriate only upon a showing that the conduct rises to a level that would justify disbarment. *See id.* The eleventh circuit indicated that its rule was based upon its supervisory authority over the district courts in its circuit to circumscribe the discretion of trial judges in regard to *pro hac vice* admissions. *See id.* at 1559. It acknowledged that other circuits applied different tests, but chose not to

128

indicated, the appropriate standard is that set forth in SCR 10.03(4); the trial court's decision is discretionary, and we review for an erroneous exercise of discretion.

3. Circuit Court's Exercise of Discretion

■■

¶ 17. We will sustain a circuit court's exercise of discretion if it has applied the proper law to the established facts and if there is any reasonable basis for the circuit court's ruling. *See State v. Alsteen*, 108 Wis. 2d 723, 727, 324 N.W2d 426 (1982). An appellate court will generally look for reasons to sustain a discretionary determination, *see Steinbach v. Gustafson*, 177 Wis. 2d 178, 185, 503 N.W.2d 156 (Ct. App. 1993), and we may independently search the record to determine whether additional reasons exist to support the trial court's exercise of discretion. *See Stan's Lumber v. Fleming*, 196 Wis. 2d 554, 573, 538 N.W2d 849 (Ct. App. 1993).

■

¶ 18. We conclude that the circuit court appropriately exercised its discretion. The circuit court considered appropriate factors. It was faced with Ball's conduct, which recently resulted in a mistrial and withdrawal of his *pro hac vice* admission. Ball did not dispute the mistrial. Judge McKay's comments reflected that the mistrial resulted from either Ball's unwillingness to abide by the rules of the court and Wisconsin's procedural rules, or Ball's unfamiliarity with Wisconsin's procedural rules. If the latter, Ball's conduct reflected incompetency to represent a client in a Wisconsin court. Ball offered neither an explanation

use them. *See id.* In this state, the applicable standard is set forth in SCR 10.03(4).

to the court for his conduct before Judge McKay nor evidence that he had made any attempt to "address practice concerns noted by Judge McKay."[5] The court therefore gave "due consideration" to Judge McKay's characterization of Ball's conduct.[6] In *Filppula-McArthur*, we determined that the trial court reasonably concluded that Ball's conduct in that case, which the circuit court relied on here, evidenced an unwillingness to abide by the rules of professional conduct.

¶ 19. The circuit court also considered the similarities between the two cases. Both were medical malpractice cases. Some of the defendants and attorneys were the same in each action. The court also weighed Cribb's and Obey's right to be represented by their choice of counsel against the court's inherent power to control the practice of law before it. The court was concerned that the failure to withdraw Ball's admission could lead to similar problems before it. Its decision was therefore one a court could reasonably reach.

## CONCLUSION

¶ 20. We conclude that SCR 10.03(4) sets forth the law applicable to withdrawal of a nonresident attorney's *pro hac vice* admission. It permits a circuit court, in its discretion, to withdraw admission for con-

---

[5] Judge McKay had noted Ball's apparent unfamiliarity with or disregard of Wisconsin's procedural rules.

[6] Ball complains that the court based its decision upon its review of only a partial transcript. He has not, however, explained why the court's reliance on a partial transcript was error. He does not direct us to other portions of the transcript that he claims are relevant. We decline to consider this undeveloped argument. *See McEvoy v. GHC*, 213 Wis. 2d 507, 530 n.8, 570 N.W.2d 397 (1997).

duct in any Wisconsin court that manifests incompetency or an unwillingness to abide by the rules of professional responsibility or the decorum of the court. In the companion case of *Filppula-McArthur*, we determined that there were facts adequate for the court to conclude that Ball's conduct manifested an unwillingness to abide by the rules of professional conduct or the rules of the court. Here, the court applied the facts of record to appropriate factors and reached a conclusion a reasonable judge could arrive at. It could reasonably conclude that withdrawal of Ball's admission was necessary to protect the parties and the court from either Ball's incompetency or his unwillingness to abide by the rules of professional conduct and the rules of decorum of the court. Accordingly, the order is affirmed.

*By the Court.*—Order affirmed.