State of Wisconsin, Plaintiff-Respondent,
v.
Michael S. Mack, Defendant-Appellant.
No. 2008AP2039-CR.
Court of Appeals of of Wisconsin, District II.
Opinion Filed: September 30, 2009.
Before Neubauer, P.J., Anderson and Snyder, JJ.
¶ 1 PER CURIAM.
Michael S. Mack has appealed from a judgment convicting him of one count of first-degree sexual assault of a child in violation of WIS. STAT. § 948.02(1) (2003-04),[1] and one count of incest with a child in violation of Wis. Stat. § 948.06(1).[2] He also appeals from an order denying his motion for postconviction relief. We affirm the judgment and the order.
¶ 2 Mack's first argument is that his convictions are multiplicitous in violation of the prohibition on double jeopardy contained in the United States and Wisconsin Constitutions. He contends that first-degree sexual assault of a child does not require proof of any fact in addition to those that must be proved for the crime of incest with a child, and that first-degree sexual assault of a child is therefore a lesser-included offense of incest with a child within the meaning of WIS. STAT. § 939.66(1). We disagree.
¶ 3 The double jeopardy provisions of the United States and Wisconsin Constitutions are viewed as identical in scope and purpose and decisions of the United States Supreme Court are treated as controlling interpretations of the double jeopardy provisions of both constitutions. State v. Davison, 2003 WI 89, ¶¶17-18, 263 Wis. 2d 145, 666 N.W.2d 1. Whether a defendant's right to be free from double jeopardy had been violated presents a question of law that this court reviews de novo. Id., ¶15.
¶ 4 The double jeopardy provision protects against multiple punishments for the same offense. Id., ¶19. Offenses are the same if they are identical in law and fact. See id., ¶33. In determining whether charged offenses are identical in law and fact, this court applies the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). Davison, 263 Wis. 2d 145, ¶43.
¶ 5 Under the "elements only" test set forth in Blockburger, two offenses are different in law if each statutory crime requires proof of an element that the other does not require. State v. Lechner, 217 Wis. 2d 392, 405, 576 N.W.2d 912 (1998). If under the Blockburger test the charged offenses are different in law or fact, a presumption arises that the legislature intended to permit cumulative punishments. Davison, 263 Wis. 2d 145, ¶44. The presumption can be rebutted only by clear legislative intent to the contrary. Id. It is the defendant's burden to show a clear legislative intent that cumulative punishments are not authorized. Id., ¶45.
¶ 6 Comparing the elements of first-degree sexual assault of a child in violation of WIS. STAT. § 948.02(1) with the elements of incest with a child in violation of WIS. STAT. § 948.06(1), it is clear that they are not the same offense. The elements of first-degree sexual assault of a child in violation of § 948.02(1) are that the defendant had sexual contact with the victim and the victim was under the age of 13. WIS JICRIMINAL 2102 (2002). The elements of incest with a child in violation of § 948.06(1) are that the defendant had sexual contact with the victim, the defendant knew the victim was related to him or her by blood or adoption, the victim was related to the defendant in a degree of kinship closer than second cousin, and the victim was under the age of eighteen at the time of the offense. WIS JICRIMINAL 2131 (1997).
¶ 7 Clearly, each crime contains an element that the other does not. Proof that the victim has not attained the age of thirteen at the time of the sexual assault is an element of the crime of first-degree sexual assault of a child. Proof of that element is not required for a conviction of incest with a child, which requires proof only that the child has not reached the age of eighteen. Furthermore, incest with a child has elements that are not required for first-degree sexual assault of a child; namely, that the victim was related to the defendant by a degree of kinship closer than second cousin and that the defendant knew the victim was related to him or her by blood or adoption.
¶ 8 As these elements make clear, contrary to Mack's assertion it is possible to commit the crime of incest with a child without committing the crime of first-degree sexual assault of a child.[3] Although the victim in this case was under the age of 13, the "elements only" test focuses on the language of the statutes defining the offenses, rather than on the specific facts of the case. State v. Nelson, 146 Wis. 2d 442, 448, 432 N.W.2d 115 (Ct. App. 1988). Because first-degree sexual assault of a child and incest with a child each require proof of an element that the other does not, they are not identical in law and fact.[4] They are therefore not the "same offense," and neither is a lesser included of the other.
¶ 9 Because the offenses are not identical in law and fact, a presumption exists that the legislature intended to permit cumulative punishments, which can be rebutted only by a showing of a clear legislative intent to the contrary. Davison, 263 Wis. 2d 145, ¶¶44-45. Mack has made no legislative intent argument whatsoever. His contention that his convictions violated his double jeopardy rights therefore fails.[5]
¶ 10 Mack's next argument is that he is entitled to resentencing because the presentence report referenced a statement made by him to police that he alleges was inadmissible at trial. Mack's argument fails for multiple reasons.
¶ 11 The statement challenged by Mack was not presented in evidence at trial. Mack did not move to suppress it or challenge its admissibility before trial. Most importantly, at sentencing he did not object to its inclusion in the presentence report. Because he did not object at sentencing, the trial court was entitled to consider the statement. See State v. Mosley, 201 Wis. 2d 36, 46, 547 N.W.2d 806 (Ct. App. 1996). By failing to timely object, Mack also waived his right to review of the issue on appeal. See State v. Smith, 153 Wis. 2d 739, 741, 451 N.W.2d 794 (Ct. App. 1989).
¶ 12 Mack contends that the issue is preserved because he raised it in his postconviction motion and the trial court ruled on it. Raising the issue in a postconviction motion did not constitute a timely objection. Cf. Mosley, 201 Wis. 2d at 43, 46 (where a defendant failed to challenge the accuracy of a detective's statements as set forth in a presentence report, the sentencing court was entitled to consider the statements, and postconviction relief was properly denied by the trial court); Smith, 153 Wis. 2d at 741 (defendant waived his right to object to a breach of the plea agreement at sentencing when he raised the issue for the first time in his motion for postconviction relief). However, even absent waiver, Mack's argument provides no basis for relief.
¶ 13 In challenging the inclusion of the statement in the presentence report, Mack cites case law for the proposition that a court must base a sentence on accurate information. However, a defendant who challenges the trial court's reliance on information in a presentence report must establish that the trial court actually relied on the information. Cf. State v. Tiepelman, 2006 WI 66, ¶2, 291 Wis. 2d 179, 717 N.W.2d 1 (a defendant who moves for resentencing on the ground that the trial court relied on inaccurate information must establish that there was information before the sentencing court that was inaccurate, and that the trial court actually relied on the inaccurate information). Mack has made no showing that the trial court relied on the allegedly improper information in the presentence report, nor does anything in the record support such a determination.
¶ 14 Moreover, a defendant is entitled to relief on appeal only if an error affected his substantial rights. State v. Stark, 162 Wis. 2d 537, 547, 470 N.W.2d 317 (Ct. App. 1991); WIS. STAT. § 805.18. If an error is harmless, no basis for reversal exists. Stark, 162 Wis. 2d at 547.
¶ 15 While Mack contends that the statement contained in the presentence report was inculpatory, we agree with the State that it was innocuous.[6] Any error arising from its inclusion in the presentence report was therefore harmless.
¶ 16 Mack's final argument is that the evidence was insufficient to convict him of incest or first-degree sexual assault because the victim did not clearly testify that sexual contact occurred. Specifically, he contends that the victim testified only that Mack took her hand and "put it on his private part," without describing or defining what she meant by "private part." Mack contends that the victim's testimony was too vague to permit a reasonable inference that he intentionally took her hand and used it to touch his penis. Mack contends that, when combined with other evidence regarding the victim's recantation of the sexual assault allegations, the victim's testimony about putting her hand on his "private part" was insufficient to prove that intentional sexual contact occurred.
¶ 17 On review of a challenge to the sufficiency of the evidence, the test on appeal is not whether this court is convinced of the defendant's guilt beyond a reasonable doubt, but whether the jury, acting reasonably, could be so convinced by evidence that it had a right to believe and accept it as true. State v. Poellinger, 153 Wis. 2d 493, 503-04, 451 N.W.2d 752 (1990). The credibility of the witnesses and the weight of the evidence is for the jury. Id. at 504. Inconsistencies and contradictions in a witness' testimony are for the jury to consider in determining credibility. Kohlhoff v. State, 85 Wis. 2d 148, 154, 270 N.W.2d 63 (1978). The jury may consider a witness' motives in weighing credibility. Id. "A jury, even where a single witness is inconsistent and testifies to diametrically opposed facts, may choose to believe one assertion and disbelieve the other." Nabbefeld v. State, 83 Wis. 2d 515, 529, 266 N.W.2d 292 (1978).
¶ 18 We view the evidence in the light most favorable to the verdict, and if more than one reasonable inference can be drawn from the evidence, we must accept the one drawn by the jury. Poellinger, 153 Wis. 2d at 504. "[T]he jury verdict will be overturned only if, viewing the evidence most favorably to the state and the conviction, it is inherently or patently incredible, or so lacking in probative value that no jury could have found guilt beyond a reasonable doubt." State v. Alles, 106 Wis. 2d 368, 376-77, 316 N.W.2d 378 (1982) (citation omitted).
¶ 19 To prove that Mack was guilty of the charged offenses under WIS. STAT. §§ 948.02(1) and 948.06(1), the State had to prove that Mack had sexual contact with his eleven-year-old daughter. To prove that sexual contact occurred under the facts as alleged in this case, the State had to prove that Mack intentionally had his daughter touch his intimate parts. See WIS. STAT. § 948.01(5)(a). "Intimate parts" includes the buttock, anus, groin, scrotum, penis, or pubic mound of a human being. WIS. STAT. § 939.22(19).
¶ 20 The evidence at trial was sufficient to permit the jury to find that Mack intentionally had sexual contact with the victim. In addition to the victim's trial testimony that Mack took her hand and put it on his "private part" and moved it around, the jury viewed a videotaped interview of the victim conducted by a social worker. In that interview, the victim stated that Mack took her hand and put it on his "private," and that she put her hand on his "private part." The victim told the interviewer that this part of Mack's body "pees." The interviewer also showed the victim an outline of a body showing front and rear views of a male body and asked the victim to mark the part of his body that Mack had her touch. The victim marked the penis area on the outline.
¶ 21 The jury also heard the testimony of Detective Chad Buchanan, who testified that he interviewed the victim and typed up her statement, which she read and signed. In the statement, she indicated that Mack took her hand and made her touch his "privates" over his clothes. She stated: "When I say the word `privates,' I mean that my dad made me touch his penis. My dad moved my hand over his privates and I felt scared."
¶ 22 Based on the victim's testimony at trial, her videotaped interview, and her statement to Detective Buchanan, the jury was entitled to find that Mack intentionally had sexual contact with her. No basis therefore exists to conclude that the evidence was insufficient to support his convictions.
By the Court.Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.
NOTES
[1] All references to the statutes under which Mack was convicted are to the 2003-04 version of the Wisconsin Statutes. All other references are to the 2007-08 version.
[2] Mack was convicted of both counts as a repeat offender.
[3] For example, if a defendant knowingly had sexual contact with a child between the ages of 14 and 17 who was related to him by a degree of kinship closer than second cousin, he would be guilty of incest with a child but would not be guilty of first-degree sexual assault of a child.
[4] Mack's reliance on State v. Moua, 215 Wis. 2d 511, 573 N.W.2d 202 (Ct. App. 1997), is misplaced. In Moua, this court determined that second-degree sexual assault of a child was a lesser included offense of first-degree sexual assault of a child because, by proving that a defendant had sexual contact with a victim who was under the age of 13, the State also proved that the defendant had sexual contact with a victim who was under the age of 16, and was thus guilty of second-degree sexual assault of a child. Id.at 519-20. In contrast, by proving that a defendant had sexual contact with a victim under the age of 13, the State does not also prove that the defendant is guilty of incest with a child. Moreover, by proving that a defendant is guilty of incest with a child, the State does not also prove that the defendant is guilty of first-degree sexual assault of that child.
[5] Because we have rejected Mack's double jeopardy argument, we need not consider his argument that he is entitled to resentencing if this court vacates one of his convictions.
[6] The statement objected to by Mack was included in the criminal complaint, and indicated that he did not know why his daughter would have accused him of this conduct, but believed it might had had something to do with his catching her looking at his "privates" while he was sleeping one day. According to the presentence report, when speaking to the presentence report writer, Mack clarified that his daughter and her friend were in his room when he woke up. He indicated that he was fully clothed at the time, and although he initially thought they may have been looking at his "privates" over his clothing, he now contends that they could have been looking for money.