PER CURIAM.
¶1 Joel Jahnke appeals from an amended judgment of conviction for second-degree sexual assault of a child, exposing genitals to a child, and causing a child between the ages of thirteen and eighteen to view sexual activity. He also appeals from an order denying his postconviction motions for sentence modification and resentencing. We conclude the circuit court properly denied both motions and affirm.
BACKGROUND
¶2 The State initially charged Jahnke with five felony counts arising from a sexual relationship he had with a child over a period of time when the child was thirteen and fourteen years old. Relevant to this appeal, count 5 of the original complaint mistakenly charged Jahnke with the class F felony of causing a child under the age of thirteen to view sexual activity. The State subsequently filed an Information with an amended count 5 that correctly charged Jahnke with the class H felony of causing a child between the ages of thirteen and eighteen to view sexual activity.
¶3 Jahnke entered no-contest pleas to three of the counts against him, including count 5. At the plea hearing, the circuit court initially stated that count 5 alleged Jahnke had caused a child less than thirteen years of age to view sexual activity, but it was immediately corrected by the State and thereafter the court advised Jahnke of the correct charge and penalties. However, Jahnke then submitted a plea questionnaire that again incorrectly identified count 5 as relating to a child under thirteen years of age, as set forth in the complaint, along with the penalties for a class F felony. Furthermore, after accepting Jahnke's pleas, the court issued an order for a presentence investigation report (PSI) that incorrectly identified count 5 as a class F felony relating to a child under the age of thirteen. The PSI, in turn, perpetuated the error, and recommended an illegal sentence for count 5 that exceeded the maximum available penalty for a class H felony. An alternate PSI presented by the defense likewise mistakenly identified count 5 as relating to a child under the age of thirteen.
¶4 At the sentencing hearing, neither party corrected the misinformation about count 5 presented in the PSI and alternate PSI. To the contrary, the State also recommended an illegal sentence on count 5 that exceeded the maximum available penalty for a class H felony.
¶5 The circuit court did not address the fact that the recommendations made in the PSI and by the State for count 5 were illegal. Nonetheless, during the sentencing hearing the court never referred to the victim as having been under the age of thirteen, or to count 5 as having been a class F felony or punishable by the penalties applicable to class F felonies. At one point, the court commented that it hoped thirteen year olds in the community could continue to have faith that those who are there to care for them will do so. The court ultimately rejected the recommendations in the PSI and those made by the State on count 5 and instead imposed a sentence that was within the maximum available penalties for a class H felony. However, the court then electronically signed a judgment of conviction that once again mistakenly identified count 5 as the class F felony of causing a child under the age of thirteen to view sexual activity.
¶6 Jahnke filed a postconviction motion seeking either sentence modification based upon a new factor or resentencing based upon a due process violation, each premised on the allegation that the circuit court had sentenced Jahnke under the mistaken belief that count 5 was a class F felony relating to a child under the age of thirteen. The State conceded the court received inaccurate information, but it argued the court did not rely on that inaccurate information at sentencing.
¶7 In denying both motions, the court explained that it had been "mindful of what the charge was" ever since it had misspoken at the plea hearing, because it was particularly embarrassed about its mistake. Specifically, the court stated:
I take some pride in understanding mathematical symbols, and I misread it, and so that I stated on the record that I had been engaging in some bad math, and that's what I meant by that, that I misread the math symbol.
....
Because I was somewhat embarrassed by misreading the math symbol, I do have an independent recollection of those events on that day. I do not like to misread things, particularly math symbols, and so that I was mindful of what the charge was going forward, both on that day and of the day of sentencing.
And it is because of that factor that I know that at no time was I confused as to the charge that Mr. Jahnke was ... to be sentenced on. The awareness of the correct charge was with me to the point where no matter how many times it was misstated in something such as a presentence investigation, I was not confused.
I knew the charge, and I knew the penalties, and so that while the record shows that there was confusion on various people's parts, there was no confusion on mine, and I could not be misled because of that embarrassment.
The court then ordered the judgment of conviction to be amended with respect to the description of the charge in count 5, the applicable statute number for that charge, and the classification of that charge as a class H rather than a class F felony. Jahnke now appeals the denial of his motions for sentence modification and resentencing.
DISCUSSION
¶8 As a threshold matter, the State challenges whether all of the issues Jahnke raises are properly before this court on appeal. The State first argues the facts as alleged by Jahnke fall outside the scope of a claim for sentence modification based on a new factor and should be analyzed only using the framework of a claim for resentencing based on inaccurate information. This is so, the State asserts, because Jahnke did know or should have known at the time of sentencing that the information in the PSI and alternate PSI was wrong, and he cannot reasonably claim that the information was "overlooked" when it formed the basis for two sentence recommendations. The State then contends Jahnke forfeited his right to challenge the accuracy of the information presented at sentencing by failing to contemporaneously object to it. See State v. Mosley , 201 Wis. 2d 36, 44-46, 547 N.W.2d 806 (Ct. App. 1996).
¶9 While there may be some merit to the State's contentions, we choose to address Jahnke's inaccurate information claim for resentencing given the importance of sentencing integrity. State v. Leitner , 2001 WI App 172, ¶¶41-42, 247 Wis. 2d 195, 633 N.W.2d 207 (holding an appellate court may choose whether to address forfeited issues). We further choose to address the new-factor claim for sentence modification because, while different legal standards apply to that claim, it presents little additional burden to evaluate it, given the intertwined factual basis for both claims.[1]
New Factor
¶10 A new sentencing factor is a fact or set of facts highly relevant to the imposition of sentence but not known to the circuit court at the time of sentencing, either because the fact was not then in existence or because it was unknowingly overlooked by all the parties. Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). A defendant bears the burden of establishing a new sentencing factor by clear and convincing evidence. State v. Harbor , 2011 WI 28, ¶49, 333 Wis. 2d 53, 797 N.W.2d 828. We will accept a circuit court's findings of historical and evidentiary facts unless they are clearly erroneous-meaning that the great weight and clear preponderance of the evidence support a contrary determination. Noll v. Dimiceli's, Inc. , 115 Wis. 2d 641, 643-44, 340 N.W.2d 575 (Ct. App. 1983). Whether an established fact or set of facts constitutes a new factor is a question of law subject to de novo review. Harbor , 333 Wis. 2d 53, ¶¶33, 36. Whether a new factor warrants the modification of a sentence is a discretionary determination. Id. , ¶¶33, 37.
¶11 Here, Jahnke contends he is entitled to sentence modification because at the time of sentencing, the circuit court was unaware of what Jahnke alleges was highly relevant information-namely, that count 5 regarding the causing of a child to view sexual activity was a class H felony relating to a child between the ages of thirteen and eighteen. However, the court rejected the factual premise for Jahnke's contention when it found that it had been aware at sentencing of both the actual charge in count 5 and its penalties.
¶12 The circuit court's factual finding about what it knew at the time of sentencing is not clearly erroneous or even, as Jahnke contends, "unconvincing." The court was in a superior position to determine its own prior understanding. The court's finding that it was aware at sentencing of the actual charge and penalties for count 5 was directly supported by its specific recollection that its embarrassment over the mistake the court had previously made at the plea hearing gave it special awareness of the actual charge during subsequent proceedings. Indeed, the court was quite specific regarding what animated its embarrassment. Namely, the court explained the pride with which it tried to understand mathematical symbols-such as the "greater than" and "less than" symbols at issue in the charging documents-and that its failure do so in this case made it particularly mindful of the correct charges going forward. While this court is not "bound by the circuit court's retrospective review of its sentencing decision," State v. Travis , 2013 WI 38, ¶77, 347 Wis. 2d 142, 832 N.W.2d 491, we find this explanation compelling.
¶13 Moreover, there is nothing in the sentencing transcripts to show either that the circuit court thought the victim was under the age of thirteen during Jahnke's offenses or that it misunderstood the applicable penalties for count 5 at the sentencing hearing. To the contrary, it may be reasonably inferred from the court's general reference to thirteen year olds that it was aware the victim's age at the time of the offense was thirteen, and from its rejection of the illegal sentence recommended by the PSI and the State that it understood the actual maximum penalties for count 5.[2] The fact that the judgment of conviction entered immediately after sentencing erroneously listed the charge does not undermine our determination. The mistake could be attributed to a clerical error caused by never having amended the charge originally entered into the court's electronic database, rather than the court misunderstanding the charge at sentencing.
¶14 Given Jahnke's failure to prove the critical underlying evidentiary fact that the circuit court actually misunderstood the charge and penalty for count 5 at the time of sentencing, Jahnke also necessarily fails to demonstrate, as a matter of law, that correct information about the charge constitutes a new factor highly relevant to sentencing that was unknown to the court. In turn, because Jahnke has failed to establish the existence of a new sentencing factor as a matter of law, we need not further examine the court's exercise of discretion in denying the sentence modification motion. See Harbor , 333 Wis. 2d 53, ¶38.
Inaccurate Information
¶15 "A defendant has a constitutionally protected due process right to be sentenced upon accurate information." State v. Tiepelman , 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. If a defendant can establish by clear and convincing evidence both that inaccurate information was presented at sentencing and that the court relied upon the misinformation in reaching its determination, the burden shifts to the State to show that the error was harmless. Id. , ¶26. This court will independently review a due process claim that a defendant has been sentenced based upon inaccurate information. Id. , ¶9. However, we will defer to any credibility determination or factual findings underlying the circuit court's decision on a constitutional issue. Johnson v. Merta , 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980).
¶16 Information is "inaccurate" for purposes of a due process analysis when it is "extensively and materially false." Travis , 347 Wis. 2d 142, ¶18. Actual reliance requires a showing that the court gave explicit attention or consideration to the information, such that it "formed part of the basis for the sentence." Tiepelman , 291 Wis. 2d 179, ¶14. An error is harmless when there is no reasonable probability that it contributed to the outcome. State v. Payette , 2008 WI App 106, ¶46, 313 Wis. 2d 39, 756 N.W.2d 423.
¶17 Here, the State concedes that it, the PSI, and the alternate PSI all provided the circuit court with inaccurate information at sentencing by misidentifying the offense of conviction and available penalty for count 5. Thus, the question before us is whether Jahnke has shown by clear and convincing evidence that the court actually relied upon that misinformation. As with our new-factor analysis above, we conclude the court's factual finding that it was aware of the actual charge and available penalties for count 5 defeats Jahnke's contention that the court actually relied upon inaccurate information.
¶18 In addition, we note the circuit court made no other comments indicating that a mistaken belief that the victim was under the age of thirteen or that the offense of conviction was a class F felony formed any basis for its sentence on that count. The circuit court's stated reasoning for its sentence was based on Jahnke's breach of trust, the gravity of the offense, deterrence, the need for public protection, Jahnke's character and rehabilitative needs, and the crime's impact on the victim and the community. The mere fact that the court stated that it had reviewed the PSI and found it generally "illuminating" does not mean that it accepted all assertions made therein, much less relied upon them. In all, Jahnke was required to show by clear and convincing evidence what the circuit did with the misinformation at sentencing, and he has failed to do so.
¶19 In light of our determination that Jahnke was not sentenced based upon inaccurate information, we need not address the State's additional argument regarding harmless error.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

We do note in particular that it is incredible, given the plea hearing record, for Jahnke to claim that both he and his counsel at sentencing "unknowingly overlooked" the misinformation in the documents presented at sentencing, including the PSIs.

Jahnke contends that "[t]he [circuit] court's failure to recognize the error in these recommendations shows it relied on the inaccurate information it was given." We disagree with the logic of this statement, especially in light of there not being any authority that requires a circuit court to correct inaccurate information presented to it, a requirement Jahnke concedes does not exist.